| | | |
|---|---|---|
| SUSAN HAYNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Case No. 1:17-cv-313-SKL |
| v. | ) | |
| | ) | |
| | ) | |
| INTERVENTIONAL CARDIOLOGY PLLC, | ) | |
| and STEPHEN STUBBLEFIELD, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is a joint motion for approval of the parties' confidential settlement and for entry of an order dismissing this matter with prejudice [Doc. 24]. The Court conducted a hearing on the motion on April 2, 2019. Attorney Emily S. Alcorn was present representing the plaintiff, and attorney James S. McDearman was present representing the defendant.

The parties' settlement agreement resolves the plaintiff's claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201-19 ("FLSA"). Although an employee's remedies under the FLSA are generally not subject to bargaining, waiver, or modification by contract or settlement, an employee may settle an FLSA claim against her employer with the court's approval. *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1352-54 (11th Cir. 1982). Both parties assert the settlement is fair and reasonable and they ask that it be approved.

Both parties were represented by able counsel, and they have engaged in discovery and an arms' length negotiation to resolve this dispute. The Court has also considered "the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery

completed, the likelihood of success on the merits, and the public interest in settlement." *See Estes v. Vanderpool Constr. & Roofing, Inc.*, No. 2:17-cv-58, 2018 WL 3910999, at \*2 (E.D. Tenn. July 30, 2018) (quoting *Edwards v. City of Mansfield*, No. 1:15-CV-959, 2016 WL 2853619, at \*3 (N.D. Ohio May 16, 2016)), report and recommendation adopted, 2018 WL 3910889 (E.D. Tenn. Aug. 15, 2018). Although not placed into the record, the parties' confidential settlement agreement was submitted to the Court for review and the Court has scrutinized it. The Court concludes the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1352-53.

Therefore, the motion [Doc. 24] is **GRANTED**, and the settlement agreement, including the reasonable attorney's fee, is **APPROVED** as being a fair, just, adequate, and reasonable compromise of the disputed issues of law and fact in this action. All claims are **DISMISSED WITH PREJUDICE**. The Court **DIRECTS** the Clerk to close this case.

SO ORDERED.

ENTER:

s/*Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE